UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>ANTHONY J. CHAPPELL,<br><br>      Defendant. | Case No. 16-CR-133-1-JPS<br><br>**ORDER** |

1. **BACKGROUND**

On December 22, 2020, Defendant filed a motion for compassionate release. (Docket #65). The Government filed a response, (Docket #70), and Defendant replied, (Docket #79). The Court has reviewed these submissions and will deny Defendant's motion for compassionate release.

2. **FACTS**

In 2016, Defendant pleaded guilty to one count of Hobbs Act robbery and one count of brandishing a firearm during a crime of violence. (Docket #24). In the plea agreement, he agreed that, on August 14, 2016, he armed himself with a firearm and robbed a Walgreens in Milwaukee. (*Id.* at 14–15). As the manager was opening the store, Defendant approached the manager and another employee and demanded that the alarm be deactivated. (*Id.*) Defendant ordered them into a back room and demanded they open the safes. (*Id.*) At one point during the robbery, Defendant manipulated the action of the pistol and ejected two rounds from it. (*Id.*) On February 28, 2017, Defendant received a below-guideline sentence of 112 months in prison, to be followed by a five-year term of supervised release. (Docket #48 at 2–6).

Defendant is a 29-year-old male. (Docket #43 at 2). He is currently detained at Federal Correctional Institution Pekin ("FCI Pekin") in Pekin, Illinois. As of April 22, 2021, FCI Pekin reports that zero inmates and twelve staff members have active cases of COVID-19.[1] No deaths have been reported, and 757 inmates and 72 staff have recovered from the virus.[2] Further, FCI Pekin is reporting that 122 of its staff and 355 of its inmates have been *fully* vaccinated.[3] Defendant tested positive for COVID-19 on December 4, 2020. (Docket #70 at 1). He remained asymptomatic and has since recovered. (*Id.*)

3.  **LEGAL STANDARD**

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). There must also be "extraordinary and compelling reasons warrant[ing] such a reduction[.]" *Id.* § 3582(c)(1)(A)(i).

While § 3582(c)(1)(A) instructs that a reduction must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission," this circuit recently held that the relevant policy statement, U.S.S.G. § 1B1.13, is inapplicable to prisoner-initiated motions for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Therefore, a court has discretion when determining what

---

[1] Fed. Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited Apr. 22, 2021).

[2] *Id.*

[3] *Id.*

constitutes an "extraordinary and compelling" reason warranting compassionate release. *Id.* ("[T]he trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement."). A district court may also "make the same determinations that would normally be left to the Director of the Bureau of Prisons [under the catchall provision at U.S.S.G. § 1B1.13 n.1(D)]." *United States v. Brown*, Case No. 01-CR-196-JPS, 2020 WL 4569289, at *4 (E.D. Wis. Aug. 7, 2020). Yet, this Court will evaluate prisoner-initiated motions for compassionate release with due regard for the guidance provided in § 1B1.13 because it "provide[s] a working definition of 'extraordinary and compelling reasons' . . . [which] can guide discretion without being conclusive." *Gunn*, 980 F.3d at 1180; *see also United States v. Mays*, Case No. 1:08-cr-00125-TWP-DML, 2020 WL 7239530, at *3 (S.D. Ind. Dec. 9, 2020) (evaluating compassionate motions brought under the "extraordinary and compelling" prong of § 3582(c)(1)(A) with "due regard" for § 1B1.13).

The commentary to the Sentencing Guidelines explains that "extraordinary and compelling reasons exist" when "[t]he defendant is suffering from a terminal illness, (i.e., a serious and advanced illness with an end of life trajectory)," such as cancer or advanced dementia. U.S.S.G. § 1B1.13 n.1.(A)(i). The commentary also considers a defendant's medical condition to be an extraordinary and compelling reason if:

> [t]he defendant is suffering from a serious physical or mental condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

Page 3 of 6
Case 2:16-cr-00133-JPS   Filed 04/23/21   Page 3 of 6   Document 83

*Id.* § 1B1.13 n.1.(A)(ii).

The Court will also consider whether "the defendant is not a danger" to others or the community, as provided in 18 U.S.C. § 3142(g). *Id.* § 1B1.13(B)(2).

Prior to modifying a term of imprisonment, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), if applicable. 18 U.S.C. § 3582(c)(1)(A). Pursuant to § 3553(a), when determining the sentence to be imposed, the Court shall consider, among other things: the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, and/or treatment.

**4.   ANALYSIS**

First, the Government concedes that Defendant exhausted his administrative remedies. (Docket #70 at 6); *see Gunn*, 980 F.3d at 1179 ("Failure to exhaust administrative remedies is an affirmative defense, not a jurisdictional issue that the court must reach even if the litigants elect not to raise it.") (internal citations omitted). The Court next determines whether Defendant has an extraordinary and compelling reason warranting his release.

The outbreak of COVID-19, together with a defendant's underlying medical conditions that place the defendant at "high risk" should he contract the disease, may establish an extraordinary and compelling reason warranting release. *See, e.g.*, *United States v. Gonzales*, Case No. 13-CR-101-JPS, 2020 WL 4437154, at *4 (E.D. Wis. Aug. 3, 2020). But, with regard to COVID-19, "reliance on circumstances applicable to everyone in prison

would appear to read the term 'extraordinary' out of the statute." *United States v. Scott*, 461 F. Supp. 3d 851, 863 (E.D. Wis. 2020). "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Defendant has not alleged that he suffers from any underlying conditions that put him at higher risk if he were to contract COVID-19. In fact, in his reply, Defendant concedes that he has no such underlying conditions. Defendant's concerns that "the virus is so unpredictable" that it is dangerous to everyone, regardless of their health, is too generalized as to rise to the level of extraordinary and compelling. (Docket #79 at 1). Further, as the government notes, Defendant has already tested positive for and recovered from an asymptomatic case of COVID-19. (Docket #70 at 10).

The Court recognizes that Defendant's family is undergoing hardship as a result of Defendant's incarceration during a pandemic. In his reply, Defendant states that his "sole[]" reason for requesting compassionate release is "family circumstances." (Docket #79 at 2). Specifically, Defendant discusses that he is needed at home to help care for his young children and his aging and ill grandfather. (*Id.* at 2–4, 7–8; Docket #65 at 13, 36–37). But courts have found that the burden placed on a defendant's family by the defendant's incarceration is not a reason to justify release. *See, e.g.*, *United States v. Nazer*, 458 F. Supp. 3d 967, 973 (N.D. Ill. 2020) (holding that a defendant's spouse's inability to watch and homeschool their kids due to her job in healthcare during the COVID-19 pandemic did not constitute an extraordinary or compelling circumstance as would warrant a reduction of his sentence); *United States v. Schnabel*, No. 2:17-CR-169, 2020 WL 3566613, at *4 (S.D. Ohio July 1, 2020) ("[T]he

Page 5 of 6
Case 2:16-cr-00133-JPS   Filed 04/23/21   Page 5 of 6   Document 83

incarceration of many inmates poses a hardship to their families. The defendant's family circumstances are not extraordinary."). The hardships put on Defendant's family by his incarceration do not constitute an extraordinary and compelling reason.[4]

## 5. CONCLUSION

Defendant has exhausted his administrative remedies. However, he has not proffered an extraordinary and compelling reason warranting his release. Therefore, the Court will deny Defendant's motion for compassionate release, (Docket #65).

Accordingly,

**IT IS ORDERED** that Defendant Anthony J. Chappell's motion for compassionate release (Docket #65) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 23rd day of April, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

[4] The commentary to U.S.S.G. § 1B1.13 provides two situations in which "family circumstances" may constitute extraordinary and compelling reasons: (1) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children; and (2) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." Neither of these situations are presently applicable.