# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>v.<br><br>ANTHONY J. CHAPPELL,<br><br>       Defendant. | Case No. 16-CR-133-1-JPS<br><br>**ORDER** |

1. **INTRODUCTION**

  In April 2023, the United States Sentencing Commission ("the Commission") proposed to Congress an amendment to the United States Sentencing Guidelines (the "Guidelines"), known as "Amendment 821" or the "2023 Criminal History Amendment." *Materials Relating to the 2023 Criminal History Amendment*, U.S. Sent'g Comm'n, https://www.ussc.gov/policymaking/materials-relating-2023-criminal-history-amendment [https://perma.cc/T954-GQFK] (last visited April 25, 2024). Part A of Amendment 821 "decreases 'Status Points' by one point for individuals with seven or more criminal history points and eliminates them for individuals with six or less criminal history points" (the "Status Point Amendment"). *Id.* (under "Who is Eligible for Retroactive Application?" heading). "Individuals who received Status Points in their criminal history calculation are eligible for this retroactive reduction." *Id.* In August 2023, the Commission voted to give retroactive effect to this portion of Amendment 821. *Retroactivity Amendment ("Reader-Friendly" version)*, U.S. Sent'g Comm'n (Aug. 31, 2023), *available at* https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-

friendly-amendments/202308_RF-retro.pdf [https://perma.cc/P2B4-8FUA] (last visited April 25, 2024). Amendment 821 took effect on November 1, 2023. *Id.*

In November 2023, the United States Probation Office for the Eastern District of Wisconsin ("Probation") filed a memorandum in this case noting that the Court "could consider" reducing Defendant Anthony J. Chappell's ("Defendant") term of imprisonment based on this retroactive provision of Amendment 821. ECF No. 86. For the reasons stated below, the Court will decline the invitation to reduce Defendant's term of imprisonment pursuant to Amendment 821.

## 2. BACKGROUND

Defendant pleaded guilty to, and was formally adjudicated guilty of, Hobbs Act Robbery in violation of 18 U.S.C. §§ 1951(a) and 2, and brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. ECF Nos. 24, 48. In February 2017, Defendant appeared before the Court for sentencing. ECF No. 46. For sentencing purposes, Probation calculated the applicable Guidelines as follows:

> Total Offense Level: 19
> Criminal History Category: IV
> 46-57 months imprisonment as to Count One; mandatory minimum of 84 months and up to life imprisonment as to Count Two, consecutive to any sentence imposed as to Count One

*Id.* The Court sentenced Defendant to a term of twenty-eight (28) months' imprisonment as to Count One and eighty-four (84) months' imprisonment as to Count Two, to operate to serve consecutively for a total term of imprisonment of one hundred and twelve (112) months' imprisonment. *Id.* at 2; ECF No. 48 at 2.

According to the Federal Bureau of Prisons, Defendant is currently incarcerated at Chicago RRM with a projected release date in February 2025. *See Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited April 25, 2024).

3. **LAW AND ANALYSIS**

The Court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the . . . Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2).[1] "[U]pon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

In the case of Amendment 821, the relevant policy statement is Guideline § 1B1.10. That Guideline provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The commentary to U.S.S.G. §1B1.10 clarifies that a reduction "is not authorized under . . . § 3582(c)(2) and is not consistent with this policy statement if . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory

---

[1] Section 994(o) provides that the Commission may "review and revise" the Guidelines. 28 U.S.C. § 994(o).

provision"—for example, "a statutory mandatory minimum term of imprisonment." U.S.S.G. § 1B1.10 Commentary, Application Notes 1(A). Additionally, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" determined after application of any relevant amendment(s). U.S.S.G. § 1B1.10(b)(2)(A).

Defendant falls within the group of offenders who are eligible to be considered for a reduced term of imprisonment under the Status Point Amendment. Nevertheless, the Court will not reduce Defendant's sentence under Amendment 821 for several reasons.

Defendant was subject to, and received as to Count Two, a mandatory minimum term of imprisonment, so the Court cannot reduce the term of imprisonment as to that Count under Amendment 821. Furthermore, the below-guidelines sentence that Defendant received as to Count One (28 months) falls below the minimum of the amended guideline range, which, according to Probation's memorandum, would call for a term of imprisonment of 37 to 46 months' imprisonment. ECF No. 86 at 1. The Court "shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range," U.S.S.G. § 1B1.10(b)(2)(A), and so the Court is constrained to decline to reduce Defendant's sentence under Amendment 821 and need not analyze whether the factors in 18 U.S.C. § 3553(a) warrant such a reduction.

4. **CONCLUSION**

The Court thanks Probation for its preparation of the memorandum regarding the interplay between Defendant's offense and sentence and Amendment 821. However, for the reasons stated above, the Court declines to reduce Defendant's sentence under Amendment 821.

Page 4 of 5
Case 2:16-cr-00133-JPS   Filed 04/25/24   Page 4 of 5   Document 87

Accordingly,

**IT IS ORDERED** that the Court **DECLINES** to reduce Defendant Anthony J. Chappell's term of imprisonment pursuant to the 2023 Amendments to the United States Sentencing Guidelines.

Dated at Milwaukee, Wisconsin, this 25th day of April, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge